1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>        vs.<br><br>JOSEPH ANTHONY DOMINGUEZ,<br><br>                                 Defendant. | CASE NO. 15cr1587-BEN<br><br>ORDER ON REMAND |

   The Ninth Circuit Court of Appeals has remanded this case for the limited purpose of having this Court state, based on the existing record, the reasons for its order denying defendant's motion for bail pending sentencing.

   The defendant pleaded guilty to a crime which carries a punishment of up to ten years in prison.  He awaits sentencing.  Unlike 18 U.S.C. § 3142,[1] which makes bail presumptive for accused citizens awaiting trial, § 3143(a) governs a defendant found guilty and awaiting sentencing.  Section 3143 makes detention presumptive. It states in relevant part, "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition of sentence . . . *be detained*, *unless* the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." § 3143(a) (emphasis added).  As counsel concedes, the Court's decision is controlled by § 3143, not § 3142.  In this case, the Court does not have clear and convincing evidence that the defendant is not likely to flee and is

---

   [1]*United States v. Twine*, 344 F.3d 987 (9th Cir. 2003), concerned § 3142.

not likely to pose a danger to the safety of the community.  Quite the opposite, the Court has very little evidence.  Most of the evidence it does have indicates that the defendant does pose a danger to the community and has had difficulty obeying court orders in the past in the form of terms of probation and parole.

Here are the reasons.  The defendant was originally brought before U.S. Magistrate Judge Peter Lewis.  Judge Lewis is an experienced Magistrate Judge.  At the initial appearance and bail hearing the defendant was represented by Ms. Diane Regan, Esq.   Ms. Regan is an experienced defense attorney.  The defendant was charged with violating a part of 8 U.S.C. § 1324 that carries a five-year maximum penalty.  A bail hearing was held.

It is not known what exactly took place at the bail hearing as no hearing transcript has been filed.  But in every felony case, it is the custom and practice in this district, for Pretrial Services to provide to the Magistrate Judge a statutorily authorized investigative report containing independent and unbiased information regarding the danger a person will pose if released.  *See* 18 U.S.C. § 3154 ("Pretrial Services functions shall include the following: (1) Collect, verify, and report to the judicial officer, prior to the pretrial release hearing, information pertaining to the pretrial release of each individual charged with an offense, including information relating to any danger that the release of such person may pose to any other person or the community. . . .").

Having received the benefit of the Pretrial Services report and the arguments of counsel, the Magistrate Judge could have concluded that the defendant posed little danger and little risk of flight.  If that were the case, he could have ordered release on the defendant's own recognizance, on a signature bond, or on a minimal cash bond.  Instead, the Magistrate Judge set bail at $50,000 cash or corporate surety.  That is a significant bond.   The defendant, represented by able counsel, did not move to modify the bond.  Nor was the order appealed.  This is evidence that the Magistrate Judge found more than a slight degree of danger and flight risk.  The

1  criminal charge was subsequently amended to include another part of § 1324 that

2  doubled the maximum penalty to ten years.  This is the charge upon which

3  defendant was found guilty.  To state the obvious, with the defendant now facing a

4  potential sentence that is twice as long, this defendant has a greater incentive to flee.

5  The Court also has a Criminal History Report (attached hereto as an

6  Appendix).  As set out in the order denying bail pending sentencing, the Criminal

7  History Report describes a person with a long, protracted, serious and violent

8  criminal history.  The Criminal History Report indicates that he was convicted of

9  burglary and receiving stolen property in 1988.  He was convicted of oral

10  copulation with a person under 18 in 1989.  He was convicted of burglary and

11  escape in 1990.  He was convicted of receiving stolen property and robbery in 1992.

12  He was convicted of petty theft in 1999.  He was convicted of using/under the

13  influence of a controlled substance in 2000.  Lastly, he was convicted of negligent

14  homicide in 2006, sentenced to six years in prison and paroled in 2011.  It is noted

15  that he was convicted of robbery - which is a crime of violence.  And he was

16  accused of second degree murder, and pleaded guilty to negligent homicide.  As

17  recently as July 2011, after serving five years in prison for that crime and being

18  paroled, parole was revoked, and defendant was returned to prison for 10 additional

19  months.  (He also has had probation revoked in 1988 and 1989.)  There have been a

20  number of other arrests and other violations of the law.  Some from last year.  This

21  is the evidence in the record upon which the Court bases its order.

22  The Court does not have documents, declarations, or testimony that reflect

23  favorably on the defendant.  The Court does not know if the defendant is a citizen or

24  an alien.  The Court does not know if the defendant has family or family ties in the

25  United States.  The Court does not know if the defendant has ties to the community,

26  but it does know that the defendant has spent six of the last nine years incarcerated,

27  *i.e.*, not in the community.

28  Defendant had filed a sentencing memorandum – which is not clear or

convincing evidence – that describes Defendant in favorable terms.  But the memorandum is filled with patent errors.  For example, it says: "Mr. Dominguez poses no danger to the public.  His last conviction was from fifteen years ago." (Def. Sent. Mem at 5:27-28.)  The memorandum then describes in more detail the homicide conviction and again states the conduct is from fifteen years ago.  (*Id.* at 6:8.)  These statements are patently incorrect because the negligent homicide conviction was nine years ago.  The sentencing memorandum builds on the error repeating that the "conduct from fifteen years ago" was far in the past, and remonstrates that Mr. Dominguez, "has, as noted, spent the past years attending church and caring for his family."  (*Id.* at 6:9-10.)  A more accurate description, according to the Criminal History Report, would include that he has spent six of the past nine years in prison, after which he has committed other violations of the law and the instant offense.  Singing the discordant refrain once again, the Sentencing Memorandum misleadingly describes the instant offense as "an anomalistic interruption in the long period of law-abiding behavior he has exhibited for the past fifteen years."  (*Id.* at 2:4-5.)  To state the obvious, in the last fifteen years, the defendant has not been law-abiding.  The clear and convincing evidence is that in the last fifteen years, before committing the instant offense, the defendant has been arrested numerous times, and convicted of other violations of the law during the time he was not incarcerated for the serious felony offense of negligent homicide.

Riddled with mistakes as it is,[2] where the defendant's memorandum describes himself either in positive or negative terms – whether as "pos[ing] no danger to the public," or, that "he does abuse drugs or alcohol," – the Court reads it with a dose of salt.  (*Id.* at 5:27 & 4:9.)  The memorandum does not, however, provide the clear and convincing evidence for bail required by § 3143(a).

Defendant's argument for bail pending sentencing leans heavily on his view

---

[2]Curiously, the Sentencing Memorandum also sets out a request for a sentence of *ten months* in the body of the brief, before changing without explanation to *four months* at the conclusion.  *Id.* at 5:15 & 5:22.

that he must receive a four-month sentence because that is why he "gave away the farm" and entered into a plea agreement with the government.  The view misapprehends the sentencing process.  Of course, a defendant might enter a plea bargain where the sentence is fixed (such as is described in Federal Rule of Criminal Procedure 11(c)(1)(C)).  But that was not done in this case.  This case employs a Rule 11(c)(1)(B) plea bargain.  In this context, the Court is unaware of any binding authority that says when parties agree to recommend a particular sentence, the Court surrenders its discretion and surrenders its judgment and is left to simply perform the ministerial act of imposing the hitherto agreed sentence.  Instead, sentence will be imposed with the benefit of a Pre-Sentence Report, after calculating the Sentencing Guidelines, and after having considered all of the §3553(a) factors.  Even the defendant's own sentencing summary chart calculates the Guidelines range to be four-to-ten months.

Nevertheless, counsel says "it is rare for a sentencing judge to flout both parties' negotiated recommendations," and assumes that the sentence will be four months.  (Def. Memo. Law & Facts in Supp. of App., at 12.)  From that, counsel argues that any more time awaiting sentencing without bail is "wildly unfair," "wildly unjust," and "absurd to imagine that Mr. Dominguez would abscond or commit some dangerous act."[3]  (Id. at 9, 18, & 12.)  Such histrionics seem unjustified.  Perhaps counsel has not fully explained to the defendant that the Court may impose a sentence higher than four months?

Defendant has been found guilty and is awaiting imposition of sentence.  The limited information in the Criminal History Report suggests that he will be a danger

---

[3]On his own, counsel could have avoided any sentencing delay occasioned by the preparation of a Pre-Sentence Report.  Counsel could have requested an expedited report on July 9th when defendant entered his guilty plea.  Customarily, the report would have been completed by the time the September sentencing date arrived.  Instead, counsel made a strategic choice to stand on a Criminal History Report with its limited information.  One might speculate that counsel sensed that with a Pre-Sentence Report a judge would be likely to impose a sentence longer than four months.

to the community.[4]  Given the information before the Court, the Court finds that the defendant has not established by clear and convincing evidence either: (1) that he is not likely to flee; or (2) that he will not pose a danger to the safety of the community if released.  The Court further finds that based on the limited information before the Court, the defendant does pose a risk of danger to the community.  Therefore, as 18 U.S.C. §3143(a) requires, the Court has ordered that defendant be detained until sentencing.

DATED: October 15, 2015

_____
Hon. Roger T. Benitez
United States District Judge

---

[4]On appeal, counsel wrote, "it is simply nonsense to suggest (as did the district court) that Mr. Dominguez will pose a danger to the community by virtue of his release pending sentencing." (Def. Memo. Law & Facts in Supp. of App., at 2-3.)  Although it is entirely possible that other jurists might reach a different conclusion, given the defendant's criminal record, this Court's decision is hardly "nonsense." It is regrettable that making derogatory comments about a court's decision-making is now tolerated as acceptable advocacy.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX